FILED
SUPERIOR COURT
OF GUAM

2019 JUN -3 PM 4: 23

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM** | **CRIMINAL CASE NO.: CF0712-18 and CF0255-18** |
| vs. | **DECISION AND ORDER** |
| **JESSIE LYNN BABAUTA UNDERWOOD, et al.** | **(People's Notice to Introduce Evidence Pursuant to the Residual Exception)** |
| **DEFENDANTS.** | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on the People of Guam's ("People") Notice to Introduce Evidence Pursuant to the Residual Exception, filed March 12, 2019. Assistant Attorney General Matthew Phelps represents the People of Guam. Attorney Terry Timblin represents Defendant Jessie Lynn Babauta Underwood ("Underwood"). Upon review of the arguments and legal authorities presented by the Parties, and for the reasons set out herein, the Court issues this decision and order **DENYING** the People's request.

## BACKGROUND

The People intend to use certain statements made by Defendant Kala Taitague ("Taitague") as evidence against Underwood in both CF0255-18 and CF0712-18. People's Notice (Mar. 12, 2019). The Court will therefore provide the factual background of both cases.

### 1. CF0255-18

On May 4, 2018, the People filed an Indictment in CF0255-18. In this Indictment, Defendants Underwood, Taitague, and Enrique Harris Guerrero ("Guerrero") are each

charged with numerous drug offenses. CF0255-18 Indictment (May 4, 2018). The charges in the Indictment arise from an execution of a search warrant on April 25, 2018. CF0255-18, Collins Decl. (Apr. 26, 2018). During the execution of the warrant, Guam Police Department officers searched the residence of Guerrero. Id. Officers found methamphetamines, marijuana, MDMA, and LSD inside the residence. Id. Guerrero indicated that Underwood had recently requested to have packages delivered to his residence on her behalf. Id.

Based on this information, the officers applied for and obtained a search warrant for Underwood's residence. Id. The officers subsequently executed the warrant, but Underwood was not present. Id. The officers were instead met by Taitague, who identified herself as Underwood's domestic partner. Id. A search of the residence uncovered methamphetamines and marijuana. Id. Taitague admitted that two grams of methamphetamines belonged to her, but stated that the rest belonged to Underwood and that Underwood was involved in the sale of marijuana and methamphetamines. Id.

### 2. CF0712-18

On or about November 3, 2018, Weerawat Tananusont ("Tananusont") filed a complaint with the Guam Police Department ("GPD") indicating his house had been burglarized. CF0712-18, Phelps Decl. (Nov. 28, 2018). Tananusont reported several items missing from his residence and later discovered that multiple transactions were made on his missing Fidelity Visa card in the amount of $2,168.00. Id. Upon investigating the burglary, GPD officers identified Emily Babauta ("Babauta") as a suspect and obtained a search warrant for her last known residence, which was executed on November 27, 2018. Id.

Upon searching the residence, GPD officers were informed that one of the rooms was shared by Taitague and Underwood. In this room, GPD officers discovered Taitague, co-defendant Emily Babauta ("Babauta"), a pouch containing a digital scale, hand rolled cigarettes containing suspected marijuana, multiple resealable baggies, approximately 5.6 grams of crystalline substance suspected to be methamphetamine, a glass bottle containing

an unidentified liquid, and numerous syringes. CF0712-18, Phelps Decl. Taitague was charged with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony). CF0712-18, Superseding Indictment (Feb. 1, 2019). Taitague has since passed away and her charges were dismissed with prejudice on April 24, 2019. Order of Dismissal (Apr. 24, 2019).

Underwood was not present during the search. Phelps Declaration. Babauta informed the officers that Underwood has been taking over Taitague's drug dealing operation due to Taitague's declining health. Id. Underwood is charged with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony) and POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony). Superseding Indictment.

On January 8, 2019, Taitague signed a letter ("the Taitague Letter") stating the following:

> I Kala Taitague was charged with possession of drugs that was found at my apartment on April and November 2018 where I was living with Jesse Underwood who was caring for me due to my terminal illness of lung cancer. These drugs do not belong to me and to the best of my knowledge is the property of Jesse Underwood.

Attach. to Notice to Introduce.

On March 12, 2019, the People filed a Notice to Introduce Evidence Pursuant to the Residual Exception, requesting that the Court allow the Taitague Letter to be introduced as evidence against Underwood. Notice to Introduce at 2. Taitague died on April 3, 2019. CF0255-18, Order of Dismissal (May 31, 2019).

## DISCUSSION

The People seek to introduce the Taigague Letter pursuant to Rule 807 of the Guam Rules of Evidence, which states, in relevant part, the following:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can

procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

Guam R. Evid. 807.

The People anticipate that Underwood will argue, in both CF0255-18 and CF0712-18, that the drugs found in her residence belonged to Taitague. People's Notice at 2. Taitague is deceased and therefore will not be available to testify. The Court notes that at the time the People's Intent was filed, Taitague was alive but unavailable to testify due to her being terminally ill and receiving treatment in Hawaii. At the time of this Decision and Order, Taitague is still unavailable to testify, but now because she is deceased.

Pursuant to Rule 807, testimony can only come in under the residual exception if it has "equivalent circumstantial guarantees of trustworthiness" as to statements covered by Rule 803 or 804. The People point to eight hearsay exceptions under Rules 803 and 804 which the People claim the Taitague Letter "almost" fits into, and argue that the Taitague Letter has equivalent circumstantial guarantees of trustworthiness as evidence which fits into those categories. Reply at 4 (Mar. 26, 2019). The Court disagrees.

First, the People compare the Taitague Letter to evidence which could be admissible under GRE 803(3), titled "Existing Mental, Emotional, or Physical Condition." Reply at 4. GRE 803(3) states that "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed..." Such statements are reliable because the "substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation." United States v. Naiden, 424 F.3d 718, 722 (8th Cir.) This basis for finding reliability is completely absent in the case of the Taitague Letter, where there is no contemporaneity of Taitague learning of the drugs being found in her residence and writing this letter denying ownership.

Second, the People point to GRE 803(4), "Statements for Purposes of Medical Treatment." Reply at 5. The rationale of Rule 803(4) is that an individual seeking medical care is unlikely to lie about her medical history or symptoms because she knows that "a

false statement may cause misdiagnosis or mistreatment." White v. Illinois, 502 U.S. 346, 356, (1992). This rational is entirely inapplicable to the Taitague Letter. While Taitague was receiving medical care at the time she wrote the letter, there is no indication that the letter was written with the intent to influence the care she received.

The third exception that the People argue "almost seems to apply" is GRE 803(15), "Record of Documents Affecting Interest in Property." Reply at 5. "A statement contained in a document purporting to establish or affect an interest in property if the matter stated was relevant to the purpose of the document, unless dealings with the property since the document was made have been inconsistent with the truth of the statement or the purport of the document." The People argue that the "idea behind the exception is that a record documenting a party's interest in property would be sufficiently reliable." Reply at 5. Here, Taitague prepared this letter in anticipation of litigation and with a great incentive to fabricate the record of her ownership. For this reason, the Court finds that the purposes of GRE 803(15) do not apply in this matter.

Fourth, the People point to GRE 804(b)(2), "Statement Under Belief of Impending Death." Reply at 5. Dying declarations are considered reliable due to "the condition of the party who made them being such that every motive to falsehood must be supposed to have been silenced, and the mind to be impelled by the most powerful considerations to tell the truth." Kirby v. United States, 174 U.S. 47, 61 (1899). However, the United States Supreme Court has explained that dying declarations are not necessarily to be viewed with trust. "A dying declaration by no means imports absolute verity. The history of criminal trials is replete with instances where witnesses, even in the agonies of death, have, through malice, misapprehension, or weakness of mind, made declarations that were inconsistent with the actual facts. Carver v. United States, 164 U.S. 694, 697 (1897). Dying declarations are nevertheless allowed if the statement concerns the cause of the impending death. This narrow exception to the rule against hearsay is proper because "it frequently happens that no other witnesses to the homicide are present." Id. The Court finds that the rationale behind this narrow exception does not apply to the Taitague Letter, which does not concern the cause of her death and was not made at a time when her death was "imminent."

Fifth, the People argue that the Taitague Letter is similar to a "Statement Against Interest," admissible under GRE 804(b)(3). Reply at 6. The rationale for this exception is that most people are not going to be inclined to make statements jeopardizing their own interests, and when people do make such statements they can generally be believed. People v. Watkins, 438 Mich. 627, 636 (1991). This rationale is completely inapplicable to Taitague's self-serving declaration which denies culpability by shifting blame to Underwood.

Sixth, the People point to GRE 801(d)(2), which allows the admission of a statement by a party opponent. Reply at 6. Rule 801(d)(2) excludes admissions by a party-opponent (which are offered against the party) from the definition of hearsay because the adversarial process allows the party-declarant to rebut his or her own admissions by testifying at trial. See Fed.R.Evid. 802(d)(2) & Advisory Committee's Notes. The rationale in allowing admissions by a party-opponent, that the declarant has the opportunity to take the stand and refute the statement, is inapplicable to the Taitague Letter.

The seventh exception argued by the People, defined as non-hearsay, is a prior consistent statement. Reply at 4. GRE 801(d)(1)(B) allows admission of a statement that is "consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." Importantly, the hearsay exception is only available in cases where the declarant is available to testify and subject to cross-examination. GRE 801(d)(1)(B). This exception is also only available in order to rebut an allegation of a recent fabrication. Id. The Court does not accept the People's contention that the Taitague Letter "almost" fits into this hearsay exception.

Lastly, the People point to "Forfeiture by Wrongdoing" pursuant to GRE 804(b)(6). Reply at 6. This rule allows for the admissibility of a statement against a party that has engaged in wrongdoing in order to procure the unavailability of a witness. The People argue that Underwood engaged in wrongdoing to ensure that Taitague would not be available to testify. The People state that Taitague was previously available to testify, but at that time Underwood was not checking in with Probation. People's Notice at 3. "As a result, Defendant's conduct, her flight, is the only reason Ms. Taitague is unable to

testify against her." Id. First, the Court does not consider failure to check in to Probation for other cases evidence of "flight" in this case. Second, the Court finds that the People have failed to demonstrate that any of Underwood's behavior has been for the deliberate purpose of delaying trial in order to prevent Taitague from testifying. Underwood did not intentionally delay prosecution of this case, and she did not cause Taitague to die from cancer. The Court further notes that the People entered into a Stipulation and Order to Allow Travel on January 8, 2019, allowing Taitague to travel to Hawaii for medical treatment. Underwood was uninvolved in this decision to allow Taitague to leave island. Because Underwood has not acted to prevent Taitague's testimony, the rationale behind GRE 804(b)(6) is inapplicable to the present matter.

## CONCLUSION

Each of hearsay exceptions contained within the Guam Rules of Evidence is included because the statements within those categories contain a guarantee of trustworthiness. Not only does the Taitague Letter not fall within any of the categories which are used to introduce otherwise hearsay evidence, but the Taitague Letter also does not have the equivalent circumstantial guarantee of trustworthiness that are found with those exceptions. The Taitague Letter is an unverified letter which was written to further the author's personal interests, and Underwood would be prejudiced by the admission of the letter with no opportunity to cross-examine the author. Based on the forgoing reasons, the Court **DENIES** the People's Notice to Introduce Evidence Pursuant to the Residual Exception.

Further proceedings for both of these matters are set for June 17th at 9 am.

**SO ORDERED** this ___6/5/19___.

i ackno.. .edge that a cop, of tn_
original hereto was placed in the
court box of:

JUN -3 2019
Date: _____ Time: 430 pm

Deputy ... Court of Guam

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam